In re HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.

Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession, Plaintiff,

v.

Parmod Monga, Defendant.

Bankruptcy No. 99–02261(PJW).
Adversary No. 01–2841.

United States Bankruptcy Court, D. Delaware.

Sept. 4, 2003.

Deborah C. Sellis, Smith, Katzenstein & Furlow LLP, Wilmington, DE, Douglas C. Meister, Meyers, Rodbell & Rosenbaum, P.A., Riverdale, MD, Counsel for Defendant Parmod Monga.

John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Joseph L. Steinfeld, Jr., Judith Seeds Miller, ASK Financial, Tarzana, CA, Co–Counsel to Plaintiff, Hechinger Liquidation Trust, As successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to defendant Parmod Monga's ("Monga") motion for summary judgment (Doc. # 14). Monga filed his motion seeking to prevent plaintiff Hechinger Liquidation Trust ("Debtor") from avoiding and recovering a security deposit returned to Monga pre-petition. For the reasons set forth below, I will deny Monga's motion.

## BACKGROUND

On January 29, 1999, Monga, as lessee, and Hechinger Property Company, as lessor, entered into a written lease for property located in Montgomery County, Maryland. Monga intended to open a carryout beer and wine store at this location. The lease required Monga to pay a $12,166.66 security deposit and file an application with the Board of License Commissioners for Montgomery County (the "Board"). Retail alcoholic beverages stores in Montgomery County must be licensed by the Board. *See* Doc. # 14 at ¶ 2. The lease contained the following paragraph:

Landlord acknowledges that Tenant will be required to obtain a beer and wine license from the Montgomery County Board of License Commissioners to operate Tenant's business. As such, this lease is subject to a ***"Lease Contingency Period"*** which shall commence on the date of the execution of this Lease and will expire on the earlier of (i) ninety (90) days after such date, or (ii) the date on which Tenant is approved for its beer and wine license. Tenant must present evidence to Landlord satisfactory to Landlord that Tenant has applied for the required license within five (5) days after the date of execution of this Lease. If Tenant has not received its license within such Lease Contingency Period despite the best efforts of Tenant, this Lease shall be null and void *ab initio* and Landlord shall refund the Security Deposit to Tenant within ten (10)

days after the expiration of the Lease Contingency Period.

Doc. # 14, Ex. A at art. II, ¶ 1(b).

Hechinger deposited Monga's security deposit check into its Master Account at First National Bank of Maryland n/k/a Allfirst Bank on February 3, 1999. Monga applied for his liquor license shortly after the execution of the lease. The Board heard Monga's license application on May 6, 1999 and denied the application after hearing testimony from other local business owners. On May 6, 1999, Monga faxed a letter to the proper representative of Hechinger Property Company detailing the Board's findings and requesting return of the deposit monies. On June 10, 1999, Hechinger refunded $12,600.00 to Monga from its General Operating Account at BankBoston n/k/a Fleet Bank.

On June 11, 1999, Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").[1] Debtor instituted this adversary proceeding on June 5, 2001. By the complaint Debtor sought to avoid and recover a single preferential transfer, the refunded security deposit, pursuant to §§ 547 and 550. A first amended complaint was filed on December 10, 2001 and Monga filed an answer on March 5, 2002. Monga filed the present motion for summary judgment on August 13, 2002.

## DISCUSSION

In his motion for summary judgment, Monga asserts he is entitled to keep $12,166.66 of the $12,600.00 refund because the security deposit was not property of the estate.[2] Alternatively, Monga argues that § 547(c)(2)'s ordinary course of business exception applies. Debtor asserts that the security deposit was property of the estate and that the refund constituted a transfer of property subject to avoidance and recovery. In responding to Monga's alternative argument, Debtor contends that Monga's evidence regarding a § 547(c)(2) ordinary course of business defense is insufficient to support summary judgment.

■ Turning to Monga's first argument, it is clear that the security deposit is property of the Debtor's estate. Monga argues that Debtors did not have any legal rights to the security deposit because the contract was void upon the Board's rejection of the license application. See Doc. # 14 at ¶ 11. Essentially, Monga is arguing that the security deposit was held in a segregated escrow account and separated from Debtor's general business funds during the lease contingency period. Despite Monga's assertions, his description of Debtor's cash management accounts and policies is inaccurate.

According to the affidavit of Mr. James F. Iampieri, attached to Debtor's brief in opposition (Doc. # 18), Debtor deposited Monga's check into its master account at Allfirst Bank. The refund was wire transferred to Monga's bank account from Debtor's general operating account at Fleet Bank. According to Mr. Iampieri, at no time did Debtor transfer money representing Monga's security deposit from the

1. Individual sections of the Bankruptcy Code will be cited herein as "§ ___".

2. Monga received a refund larger than his initial deposit. The lease agreement never

addressed whether Debtor would owe interest on Monga's deposit and Monga has conceded that the additional $434.34 is property of the estate and returnable to Debtor.

master account to the general operating account. The terms of the lease agreement further underscore Debtor's contention that the security deposit is property of the estate. Under the lease, "[l]andlord may commingle [the security deposit] with Landlord's own or other funds; Landlord need not hold the deposit under any type of escrow arrangement." *See* Doc. # 14, Ex. A at 16, ¶ 10. This evidence precludes granting summary judgment on Monga's first argument.

Monga next argues that the ordinary course of business exception of § 547(c)(2) is applicable here. Under § 547(c)(2), a trustee may not avoid a transfer if: (A) the transfer was intended by the debtor in the ordinary course of business or financial affairs of the debtor and transferee; (B) the transfer was made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) the transfer was made according to ordinary business terms.

 Monga contends that the documentation attached to his summary judgment motion satisfies § 547(c)(2)'s three prongs. I find, however, that Monga's evidence fails to satisfy § 547(c)(2)(C), requiring a party to show that the alleged preferential transfers were made according to ordinary business terms. Section 547(c)(2)(C) is satisfied when a defendant presents objective evidence that the terms were ordinary in relation to the standards of the creditor's industry. *See In the Matter of Midway Airlines, Inc.*, 69 F.3d 792, 797 (7th Cir.1995). The standard in question in the present case in not whether contingency clauses regularly appear in leases regarding beer and wine stores, but what time frame is industry standard for returning a security deposit following a no-fault termination. Monga's attached affidavit of Mr. William Atkins (Doc. # 14 at

Ex. 10) only refers to the inclusion of contingency clauses, it does not address refunding of security deposits. Monga's evidence fails to satisfy § 547(c)(2)(C) and, therefore, the evidence is insufficient to support a § 547(c)(2) ordinary course of business defense.

## CONCLUSION

For the reasons set forth above, Monga's summary judgment motion is denied.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, Defendant Parmod Monga's Motion for Summary Judgment (Doc. # 14), is **DENIED.**